

Dykema Gossett PLLC
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, TX 75201
WWW.DYKEMA.COM
Tel: (214) 462-6400
Fax: (214) 462-6401

**David J. Schenck**
Direct Dial: (214) 698-7892
Direct Fax: (855) 455-7186
Email: DSchenck@dykema.com

July 13, 2023

Hon. Whitney Jett
Office of the Clerk                          Via E-File
United States Court of Appeals
Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130-3408

Re:     Case No. 23-30243; *In re: Jefferson Parish, et al.*

Dear Ms. Jett:

       Petitioners-Defendants write pursuant to FED. R. APP. P. 28(j) to provide supplemental information and clarify record citations requested by the Court at argument.

       Petitioners formally objected to the *Addison* merits trial proceeding prior to class certification and repeatedly sought to prioritize class certification in the *Ictech-Bendeck* case. The District Court issued the Eighth Case Management Order scheduling a trial prior to class certification, which was subject to Petitioners' express objections (Pet. App. 569 at n.4), and Petitioners sought mandamus relief from this Court that same day. The District Court previously denied multiple motions to reverse the sequence of the proceedings and mitigate the prejudice from a merits trial impermissibly preceding class certification.[1] Of the 11 circuits to address the issue before the Court, none has permitted a trial on the merits before the certification decision over a defendant's objection.

       Proceeding with a merits trial in *Addison* prior to a class certification decision in *Ictech-Bendeck* causes severe prejudice to Petitioners that cannot be ameliorated on ordinary appeal. A merits determination on the first 13 *Addison* Plaintiffs, prior to any certification decision in *Ictech-Bendeck*, will inform class members of the value and likelihood of success of their claims and whether they should file suits now, leading to a multiplicity of actions and subverting the class action process. An appellate reversal would not unring this bell, and the putative class cannot unsee how a jury will address evidence related to the merits, defeating Rule 23's protections against one-way intervention, as seven other circuits have uniformly held. The *Addison* Plaintiffs are members of the

---

[1] Pet. App. 172–173, 369, 382–385, 537; *see also* Pet. App. 368; Addison Appx. 274.

The Honorable Whitney Jett
July 13, 2023
Page 2

putative *Ictech-Bendeck* class and the mere filing of individual complaints does not opt the *Addison* plaintiffs out of the proposed class that includes them in advance of the rule's promised "early" certification decision and class notice. *See Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 550–51 (1974). Indeed, at least one *Ictech-Bendeck* proposed class representative (Mary Rogers) is a named *Addison* Plaintiff, and the putative class will comprise approximately 26 percent of the jury venire at trial.[2] The cases rely on the same factual allegations, the same theories of liability, the same experts, and the same evidence, and both the *Addison* and *Ictech-Bendeck* Plaintiffs jointly litigated the general causation phase.[3]

Such a ruling would also have serious potential collateral estoppel implications. Collateral estoppel is not foreclosed in this case, regardless of whether federal or Louisiana law on preclusion is applied. *Smith v. Shelter Mut. Ins. Co.*, 768 F. App'x 171, 175 (5th Cir. 2019) (applying issue preclusion under post-1999 Louisiana law). Plaintiffs have acknowledged in briefing to this Court that collateral estoppel is a legitimate threat to the Defendants.[4]

Consistent with *American Pipe* and the holdings of seven other Circuit Courts of Appeal, Petitioners are entitled to a writ of mandamus directing that the *Ictech-Bendeck* class certification determination and notice period take place *before* any trial on the full merits and preventing the use of the later filed *Addison* action to undermine Rule 23's protections to putative class defendants.

Sincerely,

David J. Schenck

---

[2] Ms. Rogers is named in the *Addison* Complaint. Pet. App. 067. The *Ictech-Bendeck* Plaintiffs identified Ms. Rogers as a class representative in a disclosure submitted to the District Court on June 15, 2023, after this petition was filed.
[3] *See* Doc No. 2-2 at pp. 5-7, 16-22; Doc No. 73 at pp. 2-5.
[4] Doc. 36-1 at pp. 25–26, note 16 *citing Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009) ("When a federal court sitting in diversity is considering the collateral estoppel effect of a prior federal judgment, this Circuit applies federal common law"); *see also* Pet. App. 543–544.