No. 23-30243

# United States Court of Appeals
# for the Fifth Circuit

**Jefferson Parish, Louisiana Regional Landfill Company, Waste Connections Bayou Inc., Waste Connections US, Inc., and Aptim Corporation,**
Petitioners

———————

On Petition for Writ of Mandamus to the United States District Court
for the Eastern District of Louisiana
Case No. 18-cv-7889
consolidated with 18-cv-8071,
18-cv-8218, and 18-cv-9312

Case No. 19-cv-11133
Consolidated with 19-cv-14512

———————

## PETITION FOR REHEARING *EN BANC*

Michael S. Futrell
Matthew D. Moghis
CONNICK AND CONNICK , LLC
3421 N. Causeway Blvd., Suite 408
Metairie, Louisiana 70002
(504) 681-6658

*Attorneys for Petitioner Jefferson Parish*

David J. Schenck
Christopher D. Kratovil
DYKEMA GOSSETT PLLC
1717 Main Street, Suite 4200
Dallas, TX 75201
(214) 698-7892

*Attorneys for Petitioners Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

*[Additional Counsel Listed on Next Page]*

Ernest P. Gieger, Jr.
John E. W. Baay
J. Michael DiGiglia
Nicholas S. Bergeron
GIEGER, LABORDE
  & LAPEROUSE, LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
(504) 561-0400

*Attorneys for Petitioner Aptim Corp.*

Michael C. Mims
LISKOW & LEWIS, APLC
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 581-7979

Megan R. Brillault
John H. Paul
BEVERIDGE & DIAMOND, P.C.
825 Third Avenue, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter
BEVERIDGE & DIAMOND, P.C.
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

*Attorneys for Petitioners Louisiana Regional
Landfill Company, Waste Connections Bayou,
Inc., and Waste Connections US, Inc.*

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

### 1. Petitioners and Counsel.

| <u>Name of Interested Party</u> | <u>Connection and Interest</u> |
|---|---|
| Louisiana Regional Landfill Co. | Petitioner-Defendant |
| Waste Connections Bayou, Inc. | Petitioner-Defendant |
| Waste Connections US, Inc. | Petitioner-Defendant |
| Parish of Jefferson | Petitioner-Defendant |
| Aptim Corp. | Petitioner-Defendant |
| David J. Schenck<br>Dykema Gossett PLLC | Counsel for Petitioners-Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. |
| Christopher D. Kratovil<br>Dykema Gossett PLLC | Counsel for Petitioners-Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. |
| Michael C. Mims<br>Liskow Lewis APLC | Counsel for Petitioners-Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. |
| Megan R. Brillault<br>Beveridge & Diamond PC | Counsel for Petitioners-Defendants Louisiana Regional Landfill Company, |

|  |  |
|---|---|
|  | Waste Connections Bayou, Inc., and Waste Connections US, Inc. |
| John H. Paul<br>Beveridge & Diamond PC | Counsel for Petitioners-Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. |
| James B. Slaughter<br>Beveridge & Diamond PC | Counsel for Petitioners-Defendants Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc. |
| Michael S. Futrell<br>Connick and Connick, LLC | Counsel for Petitioner-Defendant Parish of Jefferson |
| Matthew D. Moghis<br>Connick and Connick, LLC | Counsel for Petitioner-Defendant Parish of Jefferson |
| Ernest P. Gieger, Jr.<br>Gieger, Laborde & Laperouse, LLC | Counsel for Petitioner-Defendant Aptim Corporation |
| John E. W. Baay<br>Gieger, Laborde & Laperouse, LLC | Counsel for Petitioner-Defendant Aptim Corporation |
| J. Michael DiGiglia<br>Gieger, Laborde & Laperouse, LLC | Counsel for Petitioner-Defendant Aptim Corporation |
| Nicholas S. Bergeron<br>Gieger, Laborde & Laperouse, LLC | Counsel for Petitioner-Defendant Aptim Corporation |

## 2. Respondents and Counsel.

| **Name of Interested Party** | **Connection and Interest** |
|---|---|
| Hon. Susie Morgan | Presiding U.S. District Judge, Eastern District of Louisiana |

| | |
|---|---|
| Elias Jorge Ictech-Bendeck | Respondent/*Ictech-Bendeck* Plaintiff |
| Savannah Thompson | Respondent/*Ictech-Bendeck* Plaintiff |
| Larry Bernard, Sr. | Respondent/*Ictech-Bendeck* Plaintiff |
| Mona Bernard | Respondent/*Ictech-Bendeck* Plaintiff |
| Nicole M. Landry-Boudreaux | Respondent/*Ictech-Bendeck* Plaintiff |
| Bruce C. Betzer<br>The Law Office of Bruce C. Betzer | Counsel for *Ictech-Bendeck*<br>Plaintiffs/Respondents |
| Scott R. Bickford<br>Martzell Bickford & Centola | Counsel for *Ictech-Bendeck*<br>Plaintiffs/Respondents |
| Lawrence J. Centola, III<br>Martzell Bickford & Centola | Counsel for *Ictech-Bendeck*<br>Plaintiffs/Respondents |
| Jason Z. Landry<br>Martzell Bickford & Centola | Counsel for *Ictech-Bendeck*<br>Plaintiffs/Respondents |
| Jeremy J. Landry<br>Martzell Bickford & Centola | Counsel for *Ictech-Bendeck*<br>Plaintiffs/Respondents |
| Douglas S. Hammel<br>Hammel Law Firm, LLC | Counsel for *Ictech-Bendeck*<br>Plaintiffs/Respondents |
| Anthony D. Irpino<br>Irpino, Avin & Hawkins | Counsel for *Ictech-Bendeck*<br>Plaintiffs/Respondents |
| Louise C. Higgins<br>Irpino, Avin & Hawkins | Counsel for *Ictech-Bendeck*<br>Plaintiffs/Respondents |
| Pearl Robertson<br>Irpino, Avin & Hawkins | Counsel for *Ictech-Bendeck*<br>Plaintiffs/Respondents |
| Byron M. Forrest<br>Forrest Cressey & James, LLC | Counsel for *Addison*<br>Plaintiffs/Respondents |
| Nicholas V. Cressey<br>Forrest Cressey & James, LLC | Counsel for *Addison*<br>Plaintiffs/Respondents |

| | |
|---|---|
| S. Eliza James<br>Forrest Cressey & James, LLC | Counsel for *Addison*<br>Plaintiffs/Respondents |
| C. Allen Foster<br>Whiteford, Taylor & Preston, L.L.P | Counsel for *Addison*<br>Plaintiffs/Respondents |
| Eric C. Rowe<br>Whiteford, Taylor & Preston, L.L.P | Counsel for *Addison*<br>Plaintiffs/Respondents |
| Erik D. Bolog<br>Whiteford, Taylor & Preston, L.L.P | Counsel for *Addison*<br>Plaintiffs/Respondents |
| Masten Childers, III<br>Whiteford, Taylor & Preston, L.L.P | Counsel for *Addison*<br>Plaintiffs/Respondents |

The 544 individual *Addison*
Plaintiffs/Respondents are listed in
Appendix B

     */s/ David J. Schenck*

David J. Schenck

# STATEMENT OF COUNSEL

I express my belief, based on reasoned and studied professional judgment, that the panel's decision involves one or more[1] questions that warrant *en banc* review:

1)      Whether Rule 23 and *American Pipe v. Utah,* 414 U.S. 538 (1974) permit a trial on the merits of unnamed putative class members' claims in advance of a certification decision before the same court overseeing the first-filed putative class action?

2) Whether the prospect of such a trial so skews the posture of the pending class case and the rights of the defendants to a fair proceeding as to warrant mandamus, risks that are well recognized in this and other circuits?


By:      /s/ David J. Schenck
      David J. Schenck
      Christopher D. Kratovil
      DYKEMA GOSSETT PLLC
      1717 Main Street, Suite 4200
      Dallas, TX 75201
      (214) 698-7892

      *Attorneys for Petitioners Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

---

[1] It is counsel's understanding that the Court may limit or expand the issues for reconsideration in an Order granting rehearing.

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS ............................................................ iii

STATEMENT OF COUNSEL ................................................................................ vii

TABLE OF CONTENTS ...................................................................................... viii

TABLE OF AUTHORITIES .................................................................................. ix

RULE 35(B)(1) PETITION FOR REHEARING *EN BANC* ...................................... 1

ISSUES PRESENTED ........................................................................................ 3

STATEMENT OF PROCEEDINGS ........................................................................ 3

   I. THE PANEL'S NOVEL HOLDING THAT THE PLAINTIFFS IN THESE CASES ARE "PLAYING ON DIFFERENT TEAMS" RESULTS IN A RETURN TO PRE-RULE 23 AMENDMENT PRACTICES THAT INVITED ABUSE OF THE CLASS DEVICE ................... 6

   II. THE PANEL DISREGARDED THE IMPLICATIONS OF ITS DECISION FOR CLASS ACTION PRACTICE, PRESENTING AN ISSUE OF EXCEPTIONAL IMPORTANCE ............. 9

CONCLUSION ................................................................................................ 14

CERTIFICATE OF COMPLIANCE ...................................................................... 17

CERTIFICATE OF SERVICE .............................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*American Pipe Constr. Co. v. Utah,*
   414 U.S. 538 (1974) .................................................................................*passim*

*Athas v. Day,*
   161 F. Supp. 916 (D. Colo. 1958) .............................................................. 7

*Castano v. Am. Tobacco Co.,*
   84 F.3d 734 (5th Cir. 1996)................................................................. 3, 12

*In re Chevron,*
   109 F.3d 1016 (5th Cir. 1997) ................................................................ 13

*In re Citizens Bank,*
   15 F.4th 607 (3d Cir. 2021).................................................................... 8

*Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.,*
   No. 2011-2835, 125 So. 3d 1057 (La. Nov. 2, 2012)............................... 4, 6

*Kline v. Burke Constr. Co.,*
   260 U.S. 226 (1922) ............................................................................. 10

*N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am.,*
   599 F.3d 102 (2d Cir. 2010) ................................................................ 10

*Parklane Hosiery Co., Inc. v. Shore,*
   439 U.S. 322 (1979) ............................................................................. 11

*Premier Elec. Constr. Co. v. Nat'l Elec. Contractors Ass'n,*
   814 F.2d 358 (7th Cir. 1987) (Easterbrook, J.)........................................ 3

*Matter of Rhone-Poulen Rorer, Inc.,*
   51 F.3d 1293 (7th Cir. 1995) ................................................................ 12

## Other Authorities

FED. R. APP. P. 32.........................................................................................16

FED. R. APP. P. 32(a)(5) .............................................................................. 16

FED. R. APP. P. 32(a)(6) ........................................................................... 16

FED. R. APP. P. 35(b)(2)(A) ...................................................................... 16

FED. R. APP. P 35(B)(1) .............................................................................. 1

## RULE 35(B)(1) PETITION FOR REHEARING *EN BANC*

The panel's published opinion in this case charts a new course on class action management in this circuit that (i) conflicts with both Rule 23 and the Supreme Court's holding in *American Pipe Constr. Co. v. Utah,* 414 U.S. 538 (1974) that a class action is a truly representative action, and (ii) involves a question of exceptional importance warranting *en banc* consideration by the Court.

*First*, the panel's decision is the first in this circuit to address the question of whether—in view of the amendments to Rule 23 and the Supreme Court's decision in *American Pipe* that treats the class device as a singular proceeding that represents all putative parties—putative class members might refile the same claim against the same defendants and pursue it to individual final judgment prior to a class certification decision in the first-filed action.  In holding that the individual *Addison* Plaintiffs can try the merits of their claims prior to a class certification determination in *Ictech-Bendeck*, the panel found that the *Addison* mass action and *Ictech-Bendeck* class action are distinct and therefore that one-way intervention does not apply.  The panel's decision, however, is at odds with *American Pipe's* holding that class actions are truly representative suits. Under the panel's approach, the trial of the claims of the *Addison* Plaintiffs—who are members of the putative class—before the same court and judge will occur prior to the decision on certification on the putative class, upending Rule 23's system for management of mass claims through prompt class certification determinations before trials on the merits.

Seven circuits recognize Rule 23's requirement that the class certification determination be made at "an early practicable time" and the bar on one-way-intervention (putative class members cannot wait out the results of a merits trial to decide whether to join). The panel here brushed aside this law through a semantic holding that unnamed putative class members who file separate actions on the same claims are somehow immune from the parallel class action process, simply because they are not named plaintiffs in the class. This decision flouts *American Pipe,* which extended the protection of tolling to all putative class members and with the Amendments of Rule 23 that intended the determination of a class to precede merits trials.

Absent class members, with or without knowledge of the pending class case, are free to file and pursue a claim in a separate action and engage in pre-trial practice. However, where the individual case is filed *after* the class case in the same forum against the same defendants, finding the individual plaintiffs are not putative class members and allowing their nearly identical claims to be tried to a merits judgment *before* the certification decision is made in the class action contravenes *American Pipe,* the first-filed rule, and the purpose of the class action to provide an efficient and fair means of mass claims resolution.

**Second**, the panel's decision is also the first decision in this circuit to address the risks to defendants of non-mutual, offensive collateral estoppel based on any findings in the first trial of the first set of *Addison* Plaintiffs—who are also unnamed putative class members. While the panel opinion rejected the applicability of nonmutual,

offensive collateral estoppel based on the facts of the case and the applicable Louisiana law, it ignored the broader, profound risk of impacts to the jury pool and right to a jury trial from successive re-trials, and Plaintiffs' leveraging of these risks to induce blackmail settlements that this Circuit has cautioned against. *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 746, n.22 (5th Cir. 1996). Indeed, Judge Easterbrook has described this danger as allowing a defendant to be "pecked to death by ducks." *Premier Elec. Constr. Co. v. Nat'l Elec. Contractors Ass'n*, 814 F.2d 358, 372 (7th Cir. 1987) (Easterbrook, J.). These risks and the panel decision's conflict with *American Pipe* and present issues of exceptional importance to class action practice that warrant *en banc* review.

## ISSUES PRESENTED

1. Did the panel err in holding that a merits trial in the *Addison* mass action prior to a class certification determination in the first-filed *Ictech-Bendeck* putative class action was not a "clear and indisputable abuse of discretion" where the trial will determine issues identical between the two proceedings against the same defendants, the *Addison* Plaintiffs are putative class members, and where such a finding would depart from *American Pipe*'s holding that at class action is a truly representative action?

2. Does the panel's decision present an issue of exceptional importance due to the creation of uncertainty for the proper management of putative class actions and its implications for blackmail settlements?

## STATEMENT OF PROCEEDINGS

This mandamus proceeding arises in connection with two cases pending before

the Honorable Susie Morgan in the United State District Court for the Eastern District of Louisiana. The first-filed case, *Ictech-Bendeck*, is a putative class action filed in July 2018 seeking damages for the alleged release of noxious odors from the Jefferson Parish landfill on nuisance and negligence theories. The class definition has varied, but as pled and at all times preceding this panel decision, the proposed class has included all residents of Jefferson Parish and involves damage claims in the hundreds of millions of dollars.[2] The *Addison* mass tort was filed five months later in December 2018, asserting claims by several hundred residents of Jefferson Parish against the same Defendants and alleging the same harm as in *Ictech-Bendeck* with additional personal injury claims.[3] The *Ictech-Bendeck* and *Addison* cases were removed to federal court and assigned to Judge Morgan.

Contrary to the panel's suggestions, Petitioners repeatedly sought to prioritize class certification discovery and a timely class certification determination in the *Ictech-Bendeck* putative class action.[4] But the District Court instead directed the parties to pursue joint discovery for a combined *Daubert* and general causation hearing in both

---

[2] Petitioners' Appendix in Support of Petition for Writ of Mandamus ("App.") 007. On August 25, 2023, the *Ictech-Bendeck* Plaintiffs filed a preliminary motion for class certification that purports to redefine the putative class to exclude the *Addison* Plaintiffs from the class definition, but tolling applies to all initial class members until after class certification is denied, or after it is granted and notice of the existence and limits of the class is issued. *See American Pipe*, 414 U.S. at 552; *Duckworth v. Louisiana Farm Bureau Mut. Ins. Co.*, No. 2011-2835, 125 So. 3d 1057, 1059 (La. Nov. 2, 2012).

[3] App. 014. The *Ictech-Bendeck* and *Addison* cases are substantively identical and involve the same parties. *See* Petition for Writ of Mandamus at 5-7, 18 (Case No. 23-30243, Doc. 2-1).

[4] *See* Reply in Further Support of Petition for Writ of Mandamus at 6-8 (Case No. 23-30243, Doc. 73).

actions.[5]   In November 2022, the trial court found that general causation had been established in both cases.[6]

Following the general causation determination and over Petitioners' objections, on April 17, 2023, the trial court issued an order setting a subset of approximately 13 *Addison* plaintiffs for trial while indefinitely deferring the class certification determination in *Ictech-Bendeck*.[7]  By separate order, the trial court left open the question whether the result in the *Addison* trial would have an offensive collateral estoppel effect in the pending putative class action.[8]

The Petitioners promptly sought mandamus and this Court issued a stay and set the matter for argument.  Petitioners maintained that (1) the trial court abused its discretion in ordering a merits trial in *Addison* before a class certification determination

---

[5] *Addison* Appendix in Opposition to Petition for Writ of Mandamus ("Addison Appx.") 052-054 (Petitioners' March 2019 proposed case management order seeking class certification discovery and briefing to be completed within six months after the filing of a preliminary certification motion); Petitioners' Supplemental Appendix in Support of Petition for Writ of Mandamus ("Supp. App.") 605 (Petitioners' August 2019 opposition to *Addison* discovery motion on the grounds that class certification discovery in *Ictech* must supplant individual case discovery in *Addison*); Addison Appx. 079-091 (Petitioners' September 2019 letter to court seeking to complete class certification discovery and briefing within 16 months); Addison Appx. 139-141 (September 2019 minute entry directing parties to set aside class certification issues and instead pursue a combine *Daubert* and general causation hearing).

[6] App. 110, 153, 155.

[7] App. 567-583.  The Eighth Case Management Order reserved Petitioners' objections with respect to the issues raised in Petitioners' Writ Petition.  App. 569.  Since the filing of the writ petition, the trial court has issued the Ninth, Tenth, and Eleventh Case Management Orders, which provide for class certification discovery but do not provide a schedule for the conclusion of class certification briefing or hearing.  The trial court in a status conference on September 1, 2023—a hearing that the court refused to allow a court reporter to record—indicated its intent to continue to hold the first *Addison* trial before the class certification determination in *Ictech-Bendeck*.

[8] App. 543.

in *Ictech-Bendeck* because the trial would determine legal issues identical in both actions and allow for one-way-intervention; and (2) the trial court abused its discretion by continuing to indefinitely defer the class certification determination in *Ictech-Bendeck*.[9]

## I. THE PANEL'S NOVEL HOLDING THAT THE PLAINTIFFS IN THESE CASES ARE "PLAYING ON DIFFERENT TEAMS" RESULTS IN A RETURN TO PRE-RULE 23 AMENDMENT PRACTICES THAT INVITED ABUSE OF THE CLASS DEVICE

The panel held that the filing of a putative class action does not prevent possible class members who later file individual actions from pursing their claims to the merits before a class certification determination in the first-filed action. This new Fifth Circuit law thus undermines the Supreme Court's 1974 decision in *American Pipe*, which established that the commencement of a putative class action tolls the limitations period for all putative class members—named or unnamed—until after notice has been made of a class certification decision that defines the existence and limits of the class. *American Pipe*, 414 U.S. at 552.[10] The five hundred plus *Addison* Plaintiffs are unnamed class members in the *Ictech-Bendeck* class action, who now reap the benefits of one-way-intervention through a full preview trial on the merits. This Circuit has returned to multiple, conflicting proceedings outside of class determination, practices that undermines Rule 23 and decades of class action practice.

---

[9] Petition for Writ of Mandamus at 3 (Case No. 23-30243, Doc. 2-1).

[10] Louisiana law similarly holds that a putative class members' filing of an individual lawsuit arising out of the same transaction or occurrence before a ruling on class certification does not waive the benefit of the suspension of the prescriptive period created by the pending certification issue. *Duckworth*, 125 So. 3d at 1059.

Prior to the 1966 amendments to Rule 23 and *American Pipe*, the putative class action was regarded as a lawsuit between the named plaintiffs and the named defendants *only*. The unnamed putative members' claims existed independently of the named plaintiffs' allegations that their lawsuit was in a representative capacity. *See, e.g., Athas v. Day,* 161 F. Supp. 916, 919 (D. Colo. 1958) (spurious class action is a permissive joinder device that does not toll the statute of limitations for unnamed parties).[11] Unnamed class members would not be bound by a pre-certification judgment on the merits of the named class members' claims or be able to rely on the pendency of the action to toll the limitations period for any later-filed individual actions, until the unnamed members joined the class after a trial on the merits—resulting in a multiplicity of actions that Rule 23 was meant to avoid.

The Supreme Court flatly rejected this view in *American Pipe*, finding that a "federal class action is no longer 'an invitation to joinder,' but a truly representative suit." *American Pipe*, 414 U.S. at 551. "Rule 23 is not designed to afford class action representation only to those who are active participants in or even aware of the proceedings in the suit prior to the order that the suit shall or shall not proceed as a class action." *Id.* at 552. "The potential class members retain the option to participate in or withdraw from the class action only until a point in the litigation *'as soon as practicable*

---

[11] *See also* Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendment (amendments not intended to restore practice of "one-way-intervention" rejected by the 1966 revisions).

*after the commencement'* of the action when the suit is allowed to continue as a class action and they are sent notice of their inclusion within the confines of the class." *Id.* at 549.

In the years that followed, seven circuits held that a trial on the merits and resulting judgment of a claim ostensibly common to the class is improper prior to the class certification determination.[12] These holdings rejected the trial-before-certification approach for its potential to skew the playing field by allowing for "one-way intervention," where bystanders to the trial are able to game the process by observing the result of the trial in advance of the decision whether to be bound by it. *See, e.g., In re Citizens Bank*, 15 F.4th 607, 618-619 (3d Cir. 2021) ("procedural sequence [of trial-before-certification] would be ignoring Rule 23's text and history, flouting Supreme Court precedent, and departing from the case law of seven circuits while undercutting four others"). To Petitioners' knowledge no court, prior to the panel in this case, confronted the question of whether Rule 23 would permit such a trial before certification if the trial involved members of the class who were not listed as representatives in the caption of the putative class—much less one brought in a later filed action pending before the same court and judge.

The panel's answer to avoid the specter of one-way-intervention is that the unnamed and named class members "play on different teams"—a finding with little precedent or logic that has profound consequences for *American Pipe,* Rule 23

---

[12] Petition for Writ of Mandamus at 14-15 (Case No. 23-30243, Doc. 2-1).

jurisprudence, and the efficiency and economy of the class action device. The panel's decision challenges *American Pipe*'s holding that the class action "is a truly representative action" in which the unnamed members are present for tolling purposes, with a defendant's interests protected by the assurance of an "early" decision on class certification. *American Pipe*, 414 U.S. at 550-551. *American Pipe* found that the requirement for a prompt decision on class certification prior to a merits determination avoided the risk of one-way intervention. *Id.* at 547-549. That answer should apply here as well, where the *Addison* Plaintiffs who are headed to trial remain unnamed putative class members in the *Ictech-Bendeck* action until either class certification is denied, or a class is certified and notice of the existence and limits of the class is provided. *See id.* at 552. If it does not, then unnamed class members are encouraged to pursue later-filed test cases to trial before certification, to test the viability of entry into a mass joinder instead of a class action, or to test strategies and theories before a trial that will bind the class.

## II. THE PANEL DISREGARDED THE IMPLICATIONS OF ITS DECISION FOR CLASS ACTION PRACTICE, PRESENTING AN ISSUE OF EXCEPTIONAL IMPORTANCE.

The question of whether under *American Pipe* any trial on the merits might be pursued in a later filed mass action as the putative class awaits a certification decision is not unique to this case. It is central to the management and supervision of class actions across this circuit, and will repeatedly arise as litigants confront removal under the Class Action Fairness Act and district courts render pre-certification merits decisions of

putative class member claims.  The panel's decision will in effect impair the economies of the class action device, facilitate ongoing delay, increase costs to the parties, and pose an increased threat of blackmail settlements.

The prospect of overlapping or repetitive litigation in the same or different forums is hardly new.  Indeed, even a single plaintiff may elect to file the same claim against the same defendant or defendants in multiple venues, with judicial efficiency doctrines favoring the first filed case and promoting comity—most often among *different* jurisdictions.  *E.g., N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am.*, 599 F.3d 102, 112 (2d Cir. 2010) (stating the federal rule); *Kline v. Burke Constr. Co.*, 260 U.S. 226 (1922) (precluding injunction of *in personam* state action). Without coordination between the two overlapping proceedings, a "race to judgment" ensues.  It is difficult to conceive of how the class action device is to have any purpose at all if it allows a race to judgment within the same district and before the same judge between the class action and later filed individual actions brought by unnamed class members against the same defendants.

For example, if an unnamed putative class member is unhappy with the pace of the class proceeding, the representation of putative class counsel, or simply unwilling to await an indefinitely deferred certification decision, no one would suggest that he or she cannot file their own suit and proceed through the pre-trial process.  But if the unnamed putative class member is entitled to "opt out" *before certification*, pursue discovery, and try the case on the merits to judgment, the later individual suit may be

used to defeat Rule 23's protections for defendants of early certification decisions, knowledge of the universe of plaintiffs, and assurance of a single trial that is binding on a known cast of plaintiffs. Such a holding promotes the exact multiplicity of actions *American Pipe* intended to avoid. *American Pipe*, 414 U.S. at 551.

While the panel rejected the idea that such a trial might in fact carry offensive collateral estoppel implications in future *Addison* or *Ictech-Bendeck* trials under either Louisiana law or the outer limits of federal law under *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322 (1979), it failed to consider that such position raises serious Seventh Amendment concerns and brings extortionate pressure on the parties' settlement posture in the putative class case.[13]

Far more than the threat of collateral estoppel is at work here. The indefinite deferral of the class certification determination leaves the limitations clock open for over 400,000 putative class members. The *Addison* trial will also only adjudicate the claims of the first 13 of 544 *Addison* Plaintiffs. This posture presents myriad risks that prejudice the parties and the effectiveness of the class action, if it is ultimately certified.

The successive determination of identical issues threatens to undermine the parties' Seventh Amendment and due process rights. The jury in the trial of the first 13 *Addison* Plaintiffs will be made up of local residents, many of whom reside in the jurisdiction of the governmental defendant. It will also be highly publicized and have

---

[13] *See* Order on Petition for Writ of Mandamus at 17 (Case No. 23-30243, Doc No. 106-1).

the potential to influence the remaining jury pool in future trials. The outcome of the first trial or trials of unnamed class members will have a profound effect on other unnamed class members' decision to join or remain in the *Addison* action. And it will set presumptions for the value of individual claims before the size and composition of the class are known. In the face of these pressures, defendants are dissuaded by the structure of the litigations from pursuing even strong defenses. These realities, the practical difficulties in setting aside a judgment based on pretrial publicity, and Plaintiffs' ability to leverage indefinite tolling for the large putative class therefore has the potential to result in an undue settlement detached from the merits of Plaintiffs' claims.[14]

Mandamus is critical here because defendants in ongoing, complex litigation should be protected from procedural errors that allow *in terrorem* settlement, and that shield the merits of the case from appeal. Writing for the Seventh Circuit in 1995, Judge Posner observed the need to act by mandamus to redress the risk of the process generating undue settlement pressure. *Matter of Rhone-Poulenc Rorer, Inc.,* 51 F.3d 1293, 1298 (7th Cir. 1995). As the Seventh Circuit found, appeal from final judgment may come too late to obviate the risk of "settlements induced by a small probability of an immense judgment in a class action," deemed "blackmail settlements." *Id.*; *see also Castano v. Am. Tobacco Co.*, 84 F.3d 734, 746, n.22 (5th Cir. 1996) (noting importance of

---

[14] These risks are exacerbated by the fact that trial of the first set of *Addison* Plaintiffs will be of approximately 13 Plaintiffs hand-picked by each side without regard to representativeness.

managing class certification to prevent undue "judicial blackmail" because of high risk of all-or-nothing verdicts even when probability of adverse judgment is low).

This Court confronted the question of whether a trial on the merits might be had within the confines of a standalone mass action in *In re Chevron,* 109 F.3d 1016 (5th Cir. 1997). There, this Circuit exercised its mandamus authority to unanimously hold that findings from a trial of a group of test plaintiffs' claims selected without regard to their representativeness could not be utilized beyond the individual cases tried. 109 F.3d at 1020. The panel divided, however, over the question of whether mandamus was also necessary in view of the trial's effect on the parties' settlement position. Judge Jones, writing separately and echoing Judge Posner, observed that the prospect of an "imperfectly designed bellwether group cannot yield a statistically reliable set of verdicts. Nevertheless, once in place the verdicts would create enormous momentum for settlement. There would be nothing to review on appeal and no realistic opportunity for Chevron to appeal." 109 F.3d at 1022. Subsequent precedents of the Supreme Court have heavily supported Judge Jones' view. The Supreme Court's decision in *AT&T Mobility v. Concepcion,* for example, unequivocally embraces Judge Jones' view in *Chevron* in placing the class device beyond the mandatory reach of arbitration precisely because of the risk of "in terrorem" settlement pressures. 563 U.S. 333, 350 (2011). The same supervision through mandamus review is necessary here for a sprawling series of class actions and mass torts underway since 2018.

## CONCLUSION

*In re Jefferson Parish* sets this Circuit adrift from two generations of class action practice in the United States by allowing putative class members to freely take cases to trial despite prior-filed class actions that have procedural priority under Rule 23 and *American Pipe*. *En banc* review is required now, as the upcoming individual trials of putative class members will undermine the process of defining a class and defeat any prospects of a fair settlement of these large claims, a core purpose of Rule 23 and the class action process.

Respectfully submitted,

DYKEMA GOSSETT PLLC

By:    */s/ David J. Schenck*
      David J. Schenck
      Texas Bar No. 17736870
      Christopher D. Kratovil
      Texas Bar No. 24027427
      DYKEMA GOSSETT PLLC
      1717 Main Street, Suite 4200
      Dallas, TX 75201
      (214) 698-7892

LISKOW & LEWIS, APLC

      Michael C. Mims (#33991)
      701 Poydras Street, Suite 5000
      New Orleans, Louisiana 70139
      (504) 581-7979

BEVERIDGE & DIAMOND, P.C.

Megan R. Brillault
John H. Paul
825 Third Ave, 16th Floor
New York, NY 10022
(212) 702-5400

James B. Slaughter
1900 N Street, NW, Suite 100
Washington, DC 20036
(202) 789-6000

*Attorneys for Petitioners Louisiana Regional Landfill Company, Waste Connections Bayou, Inc., and Waste Connections US, Inc.*

CONNICK AND CONNICK, LLC

By:   /s/ Michael S. Futrell
     Michael S. Futrell, La. Bar. No. 20819
     Matthew D. Moghis, La. Bar. No. 33994
     3421 N. Causeway Blvd., Suite 408
     Metairie, Louisiana 70002
     Telephone: (504) 681-6658
     Facsimile: (504) 838-9903
     E-mail: moghis@connicklaw.com

*Attorneys for Petitioner Jefferson Parish*

GIEGER, LABORDE & LAPEROUSE, L.L.C.

By:   /s/ J. Michael DiGiglia
     Ernest P. Gieger, Jr. (6154)
     John E. W. Baay (22928)
     J. Michael DiGiglia (24378)
     Nicholas S. Bergeron (37585)

Gieger, Laborde & Laperouse, L.L.C.
Hancock Whitney Center
701 Poydras Street, Suite 4800
New Orleans, Louisiana 70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011

*Attorneys for Petitioner Aptim Corp.*

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that:

1.      This document complies with the type-volume limit of Federal Rule of Appellate Procedure 35(b)(2)(A) because this document contains 3,886 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft® Office Word 2016 in 14-Point Garamond font.

*/s/ David J. Schenck*
David J. Schenck

## CERTIFICATE OF SERVICE

I certify that the petition for rehearing en banc was filed with the Court's CM/ECF system on September 7, 2023, which will automatically send an electronic notice of filing to all counsel of record.

I further certify that on September 7, 2023 I caused copies of the petition for rehearing en banc to be served via email to the District Court.

Hon. Susie Morgan
United States District Court for the Eastern District of Louisiana
500 Poydras Street
Room C322
New Orleans, LA 70130


*/s/ David J. Schenck*
David J. Schenck